IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES HECKARD, JR., | |
| Plaintiff, | **8:20CV143** |
| vs. | |
| MARK FOXHALL and STAFF IN MEDICAL DEPARTMENT, Located at 1701 Douglas County Corrections; | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Charles Heckard, Jr., is currently incarcerated at the Nebraska State Penitentiary, but brings this 42 U.S.C. § 1983 and state-law action because of events that occurred when he was confined in the Douglas County Correctional Center ("DCCC"). The court has granted Plaintiff permission to proceed in forma pauperis (Filing 9), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff's 42 U.S.C. § 1983 claim alleges that while he was incarcerated at the DCCC, he was given "[m]edication . . . appropriate for [his] medical condition, [but it] did not work!" (Filing 1 at CM/ECF p. 3.) Specifically, after he complained about inflammation of his feet caused by gout, he was not seen by medical personnel for seven days, at which time they only offered him Tylenol. (*Id.* at CM/ECF p. 5.) Plaintiff then filed a grievance, and after "sometime of compla[ining] from the pains," he finally saw a physician, who gave Plaintiff the "wrong meds," which gave Plaintiff diarrhea and caused him to vomit. He claims his "issues never got fix[ed]," they became worse as time passed, and he now suffers from nerve damage because

he was not treated appropriately. (*Id*.) Plaintiff has attached to his Complaint several inmate grievance and request forms (from both the DCCC and the Nebraska Department of Correctional Services ("NDCS")) complaining about his gout. The DCCC grievance and request forms are dated from September 22, 2017, to December 13, 2017 (*Id*. at CM/ECF pp. 8-15), and the NDCS inmate interview request forms are dated from January 7, 2018, to March 6, 2020. (Filing 1-1 at CM/ECF pp. 1-8.)

Besides his section 1983 claim for deliberate indifference to his serious medical needs, Plaintiff asserts that Defendants violated Neb. Rev. Stat. §§ 83-4,162(1)-(3) and 83-4,160—part of the Nebraska Correctional Health Care Services Act, Neb. Rev. Stat. §§ 83-4,153 to 83-4,165 (Westlaw 2020)—by not providing him with the "community standard of care." (*Id*. at CM/ECF pp. 4-5.) Plaintiff requests $134,000 in damages for his pain and suffering. (*Id*. at CM/ECF p. 6.)

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Defendants

Plaintiff first names Mark Foxall as a Defendant without identifying him, his position, or describing any actions he took that violated Plaintiff's constitutional rights.[1] "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015); *see also Krych v. Hvass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (unpublished) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed pro se complaint where complaint did not allege that defendant committed specific act and complaint was silent as to defendant except for his name appearing in caption)).

---

[1] It appears that Foxall may have been the warden or director at the DCCC at the relevant time, but he has since retired and is currently working at the University of Nebraska-Omaha. However, Plaintiff makes no such allegations. *See Douglas County Board votes to hire new corrections director to succeed Mark Foxall*, Omaha World-Herald (Oct. 2, 2018) (E-Version); University of Nebraska-Omaha, School of Criminology and Criminal Justice, Faculty Listing for Mark Foxall (noting Foxall's retirement from Douglas County Department of Corrections in 2018).

I shall grant Plaintiff leave to amend his Complaint to identify Foxall, his position, and the specific actions he took that violated Plaintiff's constitutional rights. Plaintiff should note that Foxall cannot be liable simply by virtue of supervising the medical staff because "it is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks and citation omitted). Rather, to state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Next, Plaintiff includes as Defendants "Staff in Medical Department" at the DCCC. Although a complaint must include the names of all the parties, *see* Fed. R. Civ. P. 10(a), "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention."[2] *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *see*

---

[2] "It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit. *See Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995) (Posner, C.J.). This rule has been relaxed, however, in actions brought by *pro se* litigants. *Id.* In a number of cases analogous to that at bar, appellate courts have found error in a trial court's refusal to assist a *pro se* plaintiff in identifying a defendant. This is particularly so where the plaintiff is incarcerated,

4

*Majors v. Baldwin*, 456 F. App'x 616, 617 (8th Cir. 2012) (per curiam; unpublished) (remanding for further consideration the pre-service dismissal of claims against unnamed defendants who it appeared could be identified); *Wheat v. Schriro*, 80 F. App'x 531, 534 (8th Cir. 2003) (per curiam; unpublished) (reversing dismissal of retaliation claim against unidentified third-shift corrections staff where "there is no reason to believe that on remand their identities could not be discovered").

Because it seems possible for the Plaintiff to identify the medical staff who allegedly failed to render proper medical care by looking at institutional medical records and copies of grievances, I shall grant Plaintiff leave to identify such defendants *by name* in an amended complaint.

## B.  Claim Under Nebraska Correctional Health Care Services Act

Plaintiff purports to bring a claim under the Nebraska Correctional Health Care Services Act, Neb. Rev. Stat. §§ 83-4,153 to 83-4,165 (Westlaw 2020), which requires the NDCS to "provide a community standard of health care to all inmates" by appointing a medical director; implementing a "credentialing" process for each healthcare staff member; meeting staffing and clinic-availability requirements; implementing, reviewing, and documenting medical treatment protocols; developing a quality-assurance program; and getting accredited. Neb. Rev. Stat. §§ 83-4,155 to 83-4,165.

However, I find no statutory language, legislative history, or case law stating that the Nebraska Correctional Health Care Services Act creates a private cause of action. *Ditter v. Nebraska Dep't of Corr. Servs.*, No. 4:16CV3159, 2017 WL 401821, at *6 (D. Neb. Jan. 30, 2017) (dismissing inmate's state-law claim under Nebraska Correctional Health Care Services Act for failure to state claim upon which relief can be granted); *Brown v. Nebraska Dep't of Corr. Servs.*, No.

---

and is thus unable to carry out a full pre-trial investigation." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997).

8:16CV217, 2016 WL 5173232, at *7 (D. Neb. Sept. 21, 2016) (same); *Stonacek v. City of Lincoln*, 782 N.W.2d 900, 909 (Neb. 2010) ("where the Legislature has not by its express terms or by implication provided for civil tort liability, under principles of judicial restraint, it is prudent that we not do so"; the Legislature's purpose in enacting a statute is central to determining whether statute creates private civil liability); *Prof'l Mgmt. Midwest, Inc. v. Lund Co*., 826 N.W.2d 225, 233 (Neb. 2012) ("Whether a statute creates a private right of action depends on the statute's purpose and whether the Legislature intended to create a private right of action."); Nebraska Statement of Intent, 2001 Regular Session, Legislative Bill 154, NE Intent Stat., 2001 Reg. Sess. L.B. 154 (Jan. 24, 2001) (no mention of purpose to provide private cause of action); Nebraska Committee Statement, 2001 Regular Session, Legislative Bill 154, NE Comm. Stat., 2001 Reg. Sess. L.B. 154 (Jan. 24, 2001) (same).

Therefore, Plaintiff's state-law claim based on the Nebraska Correctional Health Care Services Act must be dismissed for failure to state a claim upon which relief may be granted.

## C.  Deliberate-Indifference Claim

Should Plaintiff choose to file an amended complaint, he should be aware of the elements of the cause of action he seeks to assert. The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.") (internal quotation marks and citation omitted).[3]

---

[3] It is unclear whether Plaintiff was a pretrial detainee at the time Defendants were allegedly deliberately indifferent to his serious medical needs. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth

To prevail on his medical-care claim, Plaintiff must prove that the Defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotation marks and citations omitted). "For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not reach the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted). A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

---

Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's Due Process Clause. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation marks and citation omitted). Therefore, cases discussing the Eighth Amendment are applicable to this case, even if Plaintiff was a pretrial detainee during the events at issue.

# IV.  CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the Defendants. Plaintiff has failed to identify Foxall, his position, and the specific actions he took that allegedly violated Plaintiff's constitutional rights. Further, Plaintiff's claims against unspecified DCCC medical employees cannot proceed so long as such Defendants remain unknown and unidentified.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his claim for deliberate indifference to a serious medical need against named defendants. The amended complaint must specify in what capacity the defendants are sued, must identify each defendant by name, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings—that is, Plaintiff's allegations should all appear in ***one document*** entitled "Amended Complaint."

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1.    Plaintiff's state-law claim based on the Nebraska Correctional Health Care Services Act, Neb. Rev. Stat. §§ 83-4,153 to 83-4,165 (Westlaw 2020), is dismissed for failure to state a claim upon which relief may be granted.

2.     Plaintiff shall have 30 days to file an amended complaint that sets forth a viable claim for deliberate indifference to a serious medical need against named defendants who were *personally involved* with the decisions affecting Plaintiff's medical care, or the lack thereof. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him.

3.     In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into ***one document*** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5.     The Clerk of the Court is directed to set a pro se case management deadline using the following text: November 16, 2020—amended complaint due.

DATED this 15th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

9