IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES HECKARD, JR., | |
| Plaintiff, | 8:20CV143 |
| vs. | |
| MARK FOXHALL, and STAFF IN MEDICAL DEPARTMENT, Located at 1701 Douglas County Corrections; | **MEMORANDUM AND ORDER** |
| Defendants. | |

    On October 15, 2020, the court granted Plaintiff leave to file an amended complaint setting forth a viable claim for deliberate indifference to a serious medical need against named defendants who were personally involved with decisions affecting Plaintiff's medical care or lack thereof. Plaintiff was advised to identify each defendant by name and include those names in his amended complaint. (Filing 10 at CM/ECF p. 9.) In response to the court's Memorandum and Order, Plaintiff has filed a combined Motion for Extension of Time within which to file an amended complaint (Filing 11-1) and a Motion Appointment of Counsel (Filing 11-2) to assist Plaintiff in obtaining his 2017 medical records from the Douglas County Correctional Center ("DCCC") in order to name as defendants the doctors and nurses involved with his care at the DCCC.

    Although a complaint must include the names of all the parties, "[a]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff's allegations pertaining to the "Staff in Medical Department" are specific enough to allow Plaintiff to ascertain these defendants' names through discovery. Therefore, while the court has determined that Plaintiff's Complaint as currently written fails to state a claim upon which relief can be granted, Plaintiff is entitled to obtain the information necessary to identify by name the individuals allegedly responsible for depriving him of proper medical care while in custody at DCCC. As a litigant proceeding in forma pauperis, Plaintiff is also entitled to have service of process performed by the United States Marshals. However, the United States Marshals cannot initiate service upon unknown defendants. Therefore, the court will direct the Marshals Service to serve Douglas County only so the court can order Douglas County to disclose to Plaintiff and the court the identities of the "Staff in Medical Department" who provided medical care to Plaintiff from September 21, 2017, to December 13, 2017, at the Douglas County Correctional Center.[1] *See Munz*, 758 F.2d at 1257 ("Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery").

Once the names of such staff are provided to Plaintiff and the court, Plaintiff will be given an opportunity to file an amended complaint which incorporates the amendments discussed in the court's prior Memorandum and Order (Filing 10) and which includes by name the medical staff who allegedly failed to provide him proper medical care and the details of such failure. Douglas County shall not be required to respond to Plaintiff's Complaint; it is the court's intention that Douglas County will be dismissed from this action once Plaintiff files an amended complaint containing properly named defendants.

As to Plaintiff's Motion for Appointment of Counsel, this case is still in its early stages, and it is not clear that Plaintiff and the court will benefit from the

---

[1] These are the dates of the Douglas County Department of Corrections Inmate Request Forms attached to Plaintiff's Complaint. (Filing 1 at CM/ECF pp. 8-15.)

appointment of counsel at this point. The facts underlying Plaintiff's claims are not complex, nor are the legal arguments regarding those claims. Further, the court notes that Plaintiff has been able to file clear and understandable materials with the court, indicating his basic ability to present his claims. Thus, Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013) (district court did not abuse its "considerable discretion" in denying inmate's motion for appointment of counsel in § 1983 action against correctional officers and nurse for excessive force and deliberate indifference to serious medical need; neither underlying facts nor legal arguments were so complex as to require appointment of counsel, and defendant's well-written filings with court indicated his basic ability to state claims); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)).

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Extension of Time within which to file an amended complaint (Filing 11-1) is granted as specified below.

2. This action shall proceed to service only against Douglas County **for the sole purpose of obtaining the names of staff at the Douglas County Correctional Center who allegedly exhibited deliberate indifference to Plaintiff's serious medical need from September 21, 2017, to December 13, 2017, at the Douglas County Correctional Center.** Douglas County shall not be required to respond to Plaintiff's Complaint (Filing 1), which the court has determined (Filing 10) fails to state a claim upon which relief may be granted as currently drafted.

3. The Clerk of Court is directed to complete and issue summonses for Douglas County. The Clerk of Court is further directed to deliver the summonses, the necessary USM-285 Forms, the Complaint (Filing 1), and a copy of this Memorandum and Order to the United States Marshals Service for service of process upon Douglas County at the office of the **Douglas County Clerk, 1819 Farnam Street, Room H-08, Omaha, NE 68183**. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(j); Neb. Rev. Stat. § 25-510.02(2) (Westlaw 2020). Such service of process shall be completed on or before 60 days from the date of this Memorandum and Order.

4. Within 30 days after receipt of service of process, Douglas County shall disclose to Plaintiff and the court the identities of the "Staff in Medical Department" who provided (or failed to provide) medical care to Plaintiff from September 21, 2017, to December 13, 2017, at the Douglas County Correctional Center and shall provide to Plaintiff accompanying documentation illustrating such care and requests for care.

5. Within 30 days after Douglas County provides to Plaintiff and the court the identities of the "Staff in Medical Department" who provided (or failed to provide) medical care to Plaintiff from September 21, 2017, to December 13, 2017, at the Douglas County Correctional Center, as well as accompanying documentation to Plaintiff, Plaintiff shall file an amended complaint which incorporates the

amendments discussed in the court's prior Memorandum and Order (Filing 10) and which includes by name the medical staff who allegedly failed to provide him proper medical care and the details of such failure **as to each defendant**.

6. If Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims **into one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

7. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

8. The Marshals Service shall serve the summonses and Complaint without payment of costs or fees.[2]

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

9. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "December 28, 2020: Check for completion of service."

10. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "January 27, 2021: Check for disclosure of 'Staff in Medical Department' Defendants."

11. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "February 26, 2021: Amended complaint due."

12. Plaintiff's Motion for Appointment of Counsel (Filing 11-2) is denied without prejudice.

DATED this 28th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge