IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES HECKARD, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MARK FOXHALL, "Warden" of Douglas County Jail; C.C.S., correct care solutions; ANENYE ALOZIEM, "doctor"; CHRISTINA HADLEY, Nurse; JACQELINE ESCH, provider; and CYNTHIA BIBEY, R.N.; <br><br> Defendants. | 8:20CV143 <br><br> MEMORANDUM AND ORDER |

Pursuant to the court's prior Memoranda and Orders on October 15, 2020, (Filing 10) and October 28, 2020, (Filing 12), Plaintiff has filed an Amended Complaint naming staff at the Douglas County Correctional Center ("DCCC") who allegedly exhibited deliberate indifference to Plaintiff's serious medical needs from September 21, 2017, to December 13, 2017, and clarifying the identity of Defendant Foxhall and actions he took that allegedly violated Plaintiff's constitutional rights. Without permission, Plaintiff has also added C.C.S. (Correct Care Solutions) as a Defendant in this action. (Filing 16, Amended Complaint.)

After review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, I conclude that it must be dismissed for failure to state a claim upon which relief can be granted for the following reasons:

**(1) Defendants Aloziem, Hadley, Esch, and Bibey:**

**(a) Aloziem**

Plaintiff alleges that Defendant Aloziem is the physician who saw Plaintiff for his gout and prescribed indomethacin for Plaintiff's condition on July 12, 2017. Plaintiff claims Dr. Aloziem was informed that the medication caused Plaintiff to have an allergic reaction, but he never changed the prescription. (Filing 16 at CM/ECF p. 2.) Plaintiff says during the "gap" between July 12, 2017, and December 10, 2017, he was "dealing with big am[]ounts of pain and swelling," including being unable to walk and do activities. He claims it was "hard to shower" and he "went to court in wheel chair." (Filing 16 at CM/ECF p. 2.)

Plaintiff has attached documents to his Amended Complaint that he claims "show[] negligence for medical attention." (Filing 16 at CM/ECF p. 1.) The documents show the following: (1) Plaintiff complained to a DCCC nurse about his gout on September 21, 2017; (2) Plaintiff was seen on October 31, 2017, following another complaint about his gout on October 30, 2017; (3) Plaintiff complained to medical on November 22, 2017, about his swollen feet caused by gout and requested to wear boots from his property instead of his assigned shoes; (4) Defendant Aloziem (who is listed on official records as a nurse practitioner, not a physician) saw Plaintiff on December 7, 2017, for continued problems with gout and prescribed indomethacin for only three days, from December 7-10, 2017; (5) Plaintiff was on four other medications during that same time period; (6) as of July 12, 2017, Plaintiff's only known allergy was to morphine; (7) follow-up care was planned for 60 and 90 days after Plaintiff's initial visit with Defendant Aloziem; and (8) Plaintiff was advised around December 13, 2017, that boots were not medically prescribed for him and boots were "not allowed or safe to wear while in jail." (Filing 16 at CM/ECF pp. 3-8.)

As Plaintiff was previously informed (Filing 10 at CM/ECF p. 7), to prevail on his deliberate-indifference claim against Defendant Aloziem, Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) Aloziem knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

2

Here, assuming he suffered from an objectively serious medical need, Plaintiff has failed to allege facts plausibly suggesting that Aloziem knew of, but deliberately disregarded, those needs. Rather, Aloziem saw Plaintiff for gout on December 7, 2017; prescribed medication that day to treat the symptoms for three days; and directed that follow-up care be provided at 60 and 90 days thereafter. A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison medical provider for deliberate indifference under the Eighth Amendment.[1] *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

### (b) Hadley, Esch, Bibey

Plaintiff claims only that Defendants Hadley and Esch were "providers," and he makes no other allegations regarding them. (Filing 16 at CM/ECF p. 2.) As Plaintiff was previously advised (Filing 10), a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015); *see also Krych v. Hvass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (unpublished) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed pro se complaint where complaint did not allege that defendant committed specific act and complaint was silent as to defendant except for his name appearing in caption)).

---

[1] It is unclear whether Plaintiff was a pretrial detainee at the time Defendants were allegedly deliberately indifferent to his serious medical needs. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's Due Process Clause. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation marks and citation omitted). Therefore, cases discussing the Eighth Amendment are applicable to this case, even if Plaintiff was a pretrial detainee during the events at issue.

As to Defendant Bibey, R.N., Plaintiff alleges only that Bibey was informed that the medication given to Plaintiff (presumably the indomethacin) gave him "problems" with diarrhea, vomiting, and nausea. (Filing 16 at CM/ECF p. 2.) Plaintiff does not allege that Bibey was responsible for giving him the medication in the first place, for refusing to remove Plaintiff from the medication regimen once he allegedly suffered an allergic reaction, or any other allegedly unconstitutional action. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)).

**(2)  Defendant Foxhall:**

Plaintiff identifies Defendant Foxhall as the warden of the Douglas County Jail and claims that Plaintiff "made several compla[i]nts to him in results of my conditions[] . . . NO CHANGES." (Filing 16 at CM/ECF p. 2.) Again, Plaintiff has failed to allege Foxhall's personal involvement in giving Plaintiff the offending medication, refusing to withdraw such medication once he allegedly suffered an allergic reaction, or any other action about which Plaintiff complains. As Plaintiff was advised in the court's previous Memorandum and Order (Filing 10 at CM/ECF p. 4), to state a § 1983 claim, a plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

**(3)  Defendant C.C.S.:**

Without permission from the court, Plaintiff adds C.C.S. as a Defendant in his Amended Complaint, alleging that C.C.S. is the company who hired the staff Plaintiff accuses of administering deficient medical care to him. (Filing 16 at CM/ECF p. 2.) Because Plaintiff has alleged no facts indicating that C.C.S. was acting under color of state law and had a policy, custom, or action that inflicted injury actionable under 42

4

U.S.C. § 1983, the Amended Complaint fails to state a claim upon which relief can be granted. *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (to state section 1983 claim against employer of prison medical personnel, plaintiff must show employer had policy, custom, or official action that inflicted actionable injury); *Burke v. N. Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002) (citing cases); *Hurlbut v. Arkansas Attorney Gen.*, No. 1:19-CV-37, 2019 WL 2866757, at *3 (E.D. Ark. June 19, 2019), *report and recommendation adopted,* No. 1:19-CV-37, 2019 WL 2865836 (E.D. Ark. July 2, 2019), *appeal dismissed,* No. 19-2504, 2019 WL 7596991 (8th Cir. July 24, 2019) (CCS cannot be held liable for the wrongful conduct of its employees).

Accordingly,

IT IS ORDERED:

1. This case is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief can be granted; and

2. Judgment shall be entered by separate document.

DATED this 12th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5